## 372

**No. 44609.**—Protest 23696–K of Inter Maritime Forwarding Co., Inc. (New York).

Opinion by CLINE, J. The record showed that no marking appeared either on the merchandise or the immediate containers thereof. On the authority of *Givaudan* v. *United States* (22 C. C. P. A. 115, T. D. 47104) the protest was overruled.

**No. 44610.**—Protest 992148–G of Pan American Fur Corporation (New York).

Opinion by CLINE, J. The record showed that the words "Produce of Ceylon" were marked on the burlap but the cases bore the word "Columbo." As the immediate containers of the goods were not legally marked the protest was overruled. Abstract 42168 (3 Cust. Ct. 392) followed.

**No. 44611.**—Protest 998749–G of Golding Brothers Co., Inc. (New York).

Opinion by CLINE, J. The record showed that neither the fabric nor the immediate containers thereof bore any marking to indicate the country of origin. The outer covering was legally marked when imported. On the authority of *Givaudan* v. *United States* (22 C. C. P. A. 115, T. D. 47104) the protest was overruled.

**No. 44612.**—Protest 976501–G of Paper Service Co. (Cleveland).

Opinion by WALKER, J. In accordance with the report of the collector the protest was sustained.

**No. 44613.**—Protest 376–K of M. Pressner & Co. (New York).

Opinion by WALKER, J. It was admitted that if enough of the wooden disks were obtained one could play a game of checkers with them and that the entirety consisted of an envelope in which three wooden disks and a small celluloid capsule containing a metal ball have been placed. As an entirety it is not used for playing checkers so does not fall within the common meaning of the term "draughts." The claim at 33⅓ percent under paragraph 412 was sustained.